United States Bankruptcy Court
Northern District of illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>William W Yotis III<br><br>                               Debtor.<br><br>Anthony C Gasunas,<br><br>                               Plaintiff<br><br>v.<br><br>William W Yotis III,<br><br>                               Defendants. | Bankruptcy No. 14-bk-02689<br><br>Chapter 13<br><br>Adversary No. 14-ap-321 |

**MEMORANDUM OPINION ON YOTIS'S MOTION TO ALTER OR AMEND ORDER**

     Anthony C Gasunas ("Gasunas") lent nearly $50,000 to William W Yotis III ("Yotis") as evidenced by a promissory note, and purportedly secured by some original art, a comic book collection, and an assignment of wages. Yotis never repaid the loan, and Gasunas subsequently obtained a judgment lien against Yotis's residence. Yotis filed a petition for bankruptcy relief under Chapter 13 on January 29, 2014. In the main bankruptcy case, Yotis sought to avoid Gasunas's lien [by a motion that is currently pending/which was addressed in an earlier opinion]. Gasunas filed this adversary to deny Yotis a discharge, or to find Yotis's debt to Gasunas nondischargeable on May 9, 2014.

     Summons was issued on Yotis on May 12 by first class mail to his home address, with a deadline of June 9, 2014 to answer or otherwise plead. On June 16, 2014, Gasunas moved for entry of a default judgment against Yotis. At a status hearing on June 23, Yotis's attorney in the underlying bankruptcy case was present and stated that at the time, he was not appearing in the adversary proceeding as he had not yet been retained by Yotis to represent him in the adversary proceeding. On July 1, without seeking leave to file late, Yotis filed a motion to dismiss the adversary complaint. On July 6, Gasunas filed an emergency motion to strike Yotis's motion as untimely.

     On July 7, a status conference was held. Yotis's attorney represented that the motion to dismiss was filed late because he and his client were negotiating the terms for representation in the adversary proceeding. No other excuse for the delay was given. Since the only prejudice suffered by Gasunas in allowing a late filed motion was the cost to prepare a motion for default, the motion to strike was denied, conditional on Yotis paying Gasunas $400 for the cost of

preparing that motion. Turning to the merits of Yotis's motion to dismiss, the court pointed out that the motion did expose some defects in the complaint, and suggested that Gasunas consider filing an amended complaint instead of a response to the motion. Thus, a scheduling order was entered, granting Gasunas leave to amend his complaint instead of responding. The motion for default was continued pending denial of the motion to strike the late-filed motion to dismiss.

Instead of paying Gasunas $400 within seven days as ordered, Yotis filed this motion to alter or amend under Bankruptcy Rule 9023. It argues that somehow, the deadline to answer or otherwise plead under Bankruptcy Rule 7012(a) has no effect as long as a motion to dismiss is filed. It will be denied for failing to present a manifest error of law or fact.

## JURISDICTION

Jurisdiction lies over this motion to dismiss the adversary proceeding is provided by 28 U.S.C. § 1334. The matter is referred here by Internal Procedure 15(a) of the District Court for the Northern District of Illinois. This adversary proceeding arises under §§ 523 and 727 of the bankruptcy code, and is therefore core under 28 U.S.C. § 157(b)(2)(I). It seeks to determine the dischargeability of a debt and the eligibility of a debtor for a discharge, thus it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

## BANKRUPTCY RULE 9023

The legal standard under F.R. Civ. P. 59(e) (made applicable through F.R. Bankr. P. Rule 9023) requires that, "the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metropolitan Life Insurance Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A "Rule 59(e) motion should be granted if there exists 'a manifest error of law or fact,' so as to enable 'the court to correct its own errors and thus avoid unnecessary appellate procedures.'" *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 848 (7th Cir. 1999) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)). But, "a 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* A trial court properly rejects a motion under Rule 59(c) when the motion merely rehashes old arguments. *Id.* Such a motion is proper only when it is demonstrated that "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

### THE TIME TO ANSWER OR OTHERWISE PLEAD

Yotis argues that he was entitled to file his motion to dismiss after the deadline to answer or otherwise plead because a motion to dismiss may be brought at any time. Yotis belies his own argument by stating that "the law is not clear on that issue." There can be no manifest error of law if the law is not clear, and that is enough reason to deny this motion. Further, Yotis already raised his argument that a motion to dismiss can be brought at any time, even after the deadline to answer or otherwise plead. That argument has already been rejected, making this motion a rehash. In any case, the law is clear. A late-filed motion to dismiss does not enlarge time to answer or otherwise plead.

Yotis argues that "no provision of Rule 12 explicitly mentions a time limit for making a motion to dismiss." *Luv N' Care, Ltd. V. Babelito, S.A.*, 306 F. Supp. 2d 468 (S.D.N.Y. 2004). But as the Luv N' Care opinion goes on to explain, Rule 12 speaks to when a pleading must be served, but is silent as to the effect of failure to raise a defense within that time on waiver. Whether failure to raise a defense results in waiver is subject to a different provision of Rule 12. *Id.* Entry of a default is subject to yet another rule, Rule 55.

Rule 7012, F.R. Bankr. P., provides "If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court. Rule 7012(a). Rule 12(b), F.R.C.P [as made applicable by Rule 7012(b) F.R. Bankr. P.] provides: "A motion asserting [failure to state a claim] must be made before a pleading if a responsive pleading is allowed." Rule 12(b). Further, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(a) F.R.C.P [as made applicable by Rule 7055 F.R. Bankr. P.]. The words "shall" and "must" are mandatory.

Waiver, as discussed in the Luv N' Care opinion, is a different issue. Rule 12(h)(1) provides that certain threshold defenses are waived if not presented in a motion or responsive pleading. *See* Advisory Committee Note 1966. The defense of failure to state a claim is not waived under Rule 12(h)(1). Instead, the Rule 12(h)(2) provides that failure to state a claim may be raised in any pleading, by a motion under Rule 12(c), or at trial. *Coleman v. Frierson*, 607 F. Supp. 1566, 1574-75 (N.D. Ill. 1985) applied this rule to deny a post-trial motion for relief for failure to state a claim based on res judicata. *Ryan v. United States*, 11 A 1793 (Bankr. N.D. Ill. Oct. 17, 2012) stands for the proposition that when a motion to dismiss for failure to state a claim is filed after an answer, it may be considered a motion for judgment on the pleadings under Rule 12(c). Neither case requires a late-filed motion to dismiss to be considered a timely responsive pleading.

Yotis also argues that his motion to dismiss should be considered timely because a motion to dismiss part of a complaint alters the limits of Rule 12(a). *Intercom Ventures, LLC v. FasTV, Inc.*, No. 13 C 232 (N.D. Ill. May 28, 2013) at *6 (citing 5C Wright & Miller, Federal Practice & Procedure § 1376). However, Yotis leaves out the result of the opinion, that: "because the Defendants here filed a timely Rule 12(b)(6) motion that does not challenge all of Intercom's claims, Defendants are not required to file an answer to Count III until 14 days after the Court has issued this Order." *Id.* at *7. The timeliness of the motion to dismiss part of the complaint matters. If an untimely motion to dismiss part of a complaint were enough to extend the deadline to file a responsive pleading under Rule 12(a), then the deadline would have no meaning.

### NO IMPLICIT PERMISSION WAS GRANTED TO FILE A LATE RESPONSIVE PLEADING

Nor did this court "implicitly permit" Yotis's late filing by declining to enter an order finding default or a default judgment. A motion to enlarge the time is governed by a lower standard than a motion to vacate a default. An enlargement of time after the original deadline has passed may be granted for cause "where failure to act was the result of excusable neglect." Rule 9006(b)(1), F.R. Bankr. P. On the other hand, once a default has been entered, the default may only be vacated when there is, "(1) good cause for their default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990). The same analysis applies for vacating a default judgment, but is applied more stringently. *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42 (7th Cir. 1994). "The decision to enter default lies within the [trial] court's discretion." *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993).

Here, this court exercised its discretion to delay entry of a default judgment because on June 23, the delay had so far been short, and counsel was hopeful that a responsive pleading would be filed shortly. Accordingly, it was not yet appropriate to hold Yotis to the more stringent standard for vacating a default judgment. On the July 7 status date, if no responsive pleading had been on file, it may have been appropriate to enter an order finding a default, or even a judgment. Unlike in *Convenient Indus. of Am., Inc. v. CFM Franchising Co.*, 93 C 4028, 1993 U.S. Dist. LEXIS 13753 (N.D. Ill. Sept. 23, 1993), no briefing schedule was set. Nor was an order enlarging time entered. Absent an order stating otherwise, the expectation is that normal procedures will be followed.

### 28 U.S.C. § 1927

Section 1927 of the Judicial Code provides that in a case pending in a court of the United States, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees

reasonably incurred because of such conduct." 28 U.S.C. § 1927. The bankruptcy court is a unit of the district court, and bankruptcy judges are judicial officers of the district court. 28 U.S.C. § 151. Yotis's Rule 9023 motion only rehashed an old argument citing law that was not on point, and was therefore unreasonable and vexatious. Any further litigation on the present issue here will warrant sanctions under §1927. Further, an order for civil contempt may be sought if the $400 is not paid by the next status date.

## CONCLUSION

Deadlines have consequences. Here, Yotis failed to answer or otherwise plead by the deadline. Instead of entering default judgment in favor of the plaintiff, or granting Gasunas's motion to strike Yotis's motion as untimely, the court ordered the case to move forward conditional on Yotis paying plaintiff's counsel $400. Instead of paying, Yotis rehashes an old argument in his motion to amend. That argument continues to lack merit today. Therefore, Yotis's motion under Rule 9023 will be denied for failing to demonstrate a manifest error of law or fact.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated August 11, 2014